UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

```
IN RE:                            )
                                  )    Chapter 7
GREGORY MITCHELL,                 )
                                  )    Bankruptcy No. 07-02379
     Debtor.                      )
_____)
BANKORION,                        )
                                  )    Adversary No. 07-30140
     Plaintiff,                   )
                                  )
vs.                               )
                                  )
GREGORY MITCHELL,                 )
                                  )
     Defendant.                   )
```

**ORDER RE: COMPLAINT**

This matter came before the undersigned on July 24, 2008 for trial on the Complaint to Determine Dischargeability of Debt. Attorney Steve Nelson appeared for Plaintiff BankOrion. Debtor/Defendant Gregory Mitchell appeared pro se.  After the presentation of evidence and argument, the Court took the matter under advisement.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**STATEMENT OF THE CASE**

BankOrion seeks to except debt from discharge for embezzlement or willful and malicious injury.  It asserts Debtor violated its rights to collateral by disposing of insurance proceeds.  Debtor asserts his discharge is enforceable against BankOrion.

**FINDINGS OF FACT**

On April 28, 2006, Debtor purchased a tractor and loader (the "Equipment") and granted BankOrion a security interest. BankOrion properly perfected its lien.  The loan documents provide that any proceeds from the collateral Equipment constitute collateral of BankOrion.

On January 11, 2007, Debtor reported the Equipment stolen. He had conversations with Timothy Fritz at BankOrion about the theft of the property.  Mr. Fritz reminded Debtor of his

obligation to turn over to BankOrion any insurance proceeds received by him as a result of the theft.

On January 30, 2007, the insurance company issued a check in the amount of $16,390.00 covering the loss of the Equipment. The check was made payable to Advantage Custom Homes LLC, Debtor's solely-owned company. After depositing the check in the corporation's business checking account, Debtor withdrew $10,000 on February 1, 2008. He deposited $5,000 each into his personal checking and savings accounts. On February 21, Debtor withdrew $2,000 for deposit into his personal checking account and $3,250 for deposit in his personal savings account. BankOrion's Exhibit 8 includes statements from Debtor's bank accounts and copies of cancelled checks.

After the Equipment was stolen, Debtor continued to make periodic payments on the BankOrion loan. He paid four payments of $478.53 between February 5 and April 2, 2007. He made a final payment of $957.06 on June 7, 2007.

Debtor testified that when he cashed the insurance check, his intent was to try and keep his business operating. He stated he hoped he would be able to pay the loan off by making monthly payments, but "it did not happen." Debtor argues that since his bankruptcy was uncontested, the debt to BankOrion is discharged.

Debtor filed his Chapter 7 petition on July 19, 2007. BankOrion timely filed its complaint seeking to except debt from discharge on October 4, 2007. The deadline to file a complaint to determine dischargeability of certain debts was October 27, 2007. Discharge was entered on November 6, 2007.

## CONCLUSIONS OF LAW

BankOrion seeks to except its claim from discharge under § 523(a)(4)(embezzlement), and (a)(6)(willful and malicious injury). Section 523(a) states, in pertinent part:

> (a) A discharge under 727 of this title does not discharge an individual debtor from any debt –
>
> . . .
>
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;
>
> . . .

2

>     (6) for willful and malicious injury by the
> debtor to another entity or to the property of
> another entity.

11 U.S.C. §§ 523(a)((a)(4), (a)(6). The plaintiff has the burden of proving the elements of a claim under § 523(a) by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 286-87 (1991).

**EMBEZZLEMENT**

Under § 523(a)(4), a debt can be excepted from discharge for embezzlement. Embezzlement is "the fraudulent appropriation of property of another by a person to whom such property has been entrusted or into whose hands it has lawfully come." In re Phillips, 882 F.2d 302, 304 (8th Cir. 1989). In order to prove embezzlement, BankOrion must show that: (1) Debtor was entrusted with property or lawfully came into possession of property of another; (2) Debtor was under a prior restraint, whether written or verbal, as to the use of the property; and (3) the terms of restraint were violated by Debtor's use of the property. In re Belfry, 862 F.2d 661, 663 (8th Cir. 1988).

The property taken must be "property of another." "One cannot embezzle one's own property." In re Moller, 2005 WL 1200916, *2 (Bankr. N.D. Iowa May 16, 2005), citing Belfry, 862 F.2d at 662; see also In re Hoover, 301 B.R. 38, 53 (Bankr. S.D. Iowa 2003) (agreeing there is a requirement that the embezzled property belonged to the adversary complaint plaintiff). Where a creditor holds only a security interest in property, the debtor remains the owner of the property or its proceeds. Moller, 2005 WL 1200916, at *2. A debtor cannot embezzle funds which are proceeds of a creditor's collateral, where the debtor owned the collateral subject to the creditor's security interest. Phillips, 882 F.2d at 304.

BankOrion had a security interest in the Equipment. After the Equipment was stolen, the security interest attached to the insurance proceeds. Debtor, however, was the owner of the Equipment and the insurance proceeds. Because Debtor cannot embezzle from himself, he did not commit embezzlement when he failed to turn the insurance proceeds over to BankOrion. For these reasons, BankOrion is not entitled to have its claim excepted from discharge under § 523(a)(4).

**WILLFUL AND MALICIOUS INJURY**

Debts arising from "willful and malicious injury by the debtor to another entity" are excepted from discharge under § 523(a)(6). "Willful" and "malicious" are two separate elements and each must be proven in order to except a debt from discharge. In re Scarborough, 171 F.3d 638, 641 (8th Cir. 1999). The "willful" element of § 523(a)(6) requires the plaintiff to show that the debtor intended the injury, not just that a deliberate or intentional act lead to injury. Kawaauhau v. Geiger, 523 U.S. 57, 61-62 (1998). Reckless or negligent conduct is not sufficient. Id. at 62.

Malice requires conduct which is targeted at the creditor, at least in the sense that the conduct is certain or almost certain to cause financial harm. In re Madsen, 195 F.3d 988, 989 (8th Cir. 1999). It requires conduct more culpable than that which is in reckless disregard of the creditor's economic interests and expectancies. In re Long, 774 F.2d 875, 881 (8th Cir. 1985). Knowingly violating the creditor's legal rights is insufficient to establish malice absent some additional aggravated circumstances. In re Logue, 294 B.R. 59, 63 (B.A.P. 8th Cir. 2003).

Cases applying the "malice" standard to the type of conduct presented here reach differing results. If the proceeds were used to maintain a business, the courts are more lenient. Logue, 294 B.R. at 64; see also In re Heister, 290 B.R. 665, 675 (Bankr. N.D. Iowa 2003). However, when Debtor uses the proceeds for personal use, knowing the proceeds belong to the creditor, the results are often to the contrary. In re Sweeney, 264 B.R. 866, 872 (Bankr. W.D. Ky. 2001). Courts are likely to find willfulness and malice present if a debtor uses proceeds of collateral in an attempt to remove them permanently from the reach of the creditor. Blake, Andrea R., Debts Nondischargeable for "Willful and Malicious Injury": Applicability of Bankruptcy Code § 523(a)(6) in a Commercial Setting, 104 Com. L. J. 64, 75-76 (1999) (comparing cases with those in which the debtor has a business justification for retaining proceeds of collateral).

**ANALYSIS**

The Court must determine: 1) whether Debtor intended to injure BankOrion by retaining the insurance proceeds (willfulness) and 2) whether some aggravated circumstances exist which establish more than just a knowing violation of BankOrion's security interest in the Equipment (malice). Debtor admitted that he knew he should have turned over the insurance check to

4

BankOrion.  In the brief period between the theft and Debtor's receipt of the insurance check, BankOrion specifically notified Debtor of its interest in the proceeds.  Debtor does not deny this testimony.  Rather than turn over the insurance check, Debtor made approximately six monthly payments on the loan then filed his Chapter 7 petition.

Debtor testified that he retained the insurance funds to maintain his business.  The evidence is inconsistent with this assertion.  Debtor promptly transferred funds from the business bank account to his personal accounts.  A review of BankOrion's Exhibit 8 does not reveal any business purpose for Debtor's spending after he deposited the funds in his personal accounts.  The bank statements and cancelled checks show payments to HyVee, chiropractors, utilities, and credit card accounts.  Although it is possible that some of the spending may have had a business purpose, such a conclusion is not evident from this record.

Based on this record, the Court concludes that BankOrion has established by a preponderance of the evidence that Debtor intended to utilize the insurance proceeds for personal use.  The record further establishes Debtor never intended to turn the funds over to BankOrion.  The fact that Debtor continued to make payments for a time is as consistent with a plan to lull BankOrion into inactivity, as it is evidence of Debtor's intention to repay his obligation.  This is underscored by the fact that Debtor stopped making payments when he filed his bankruptcy petition, less than six months after he received the insurance check.  Debtor's incorrect understanding that entry of discharge terminates his responsibility is also consistent with this interpretation.

The Court concludes that Debtor's conversion of BankOrion's collateral was willful and malicious as defined by existing Eighth Circuit law.  Aggravating circumstances exist which establish that the conversion was more than just a knowing violation of BankOrion's legal rights.  BankOrion has met its burden to prove that Debtor retained the insurance check with the intent to injure BankOrion's security interest, with the heightened level of culpability required to establish malice.  BankOrion's claim is excepted from discharge for willful and malicious injury under § 523(a)(6).

**WHEREFORE,** BankOrion's Complaint to Determine Dischargeability of Debt is GRANTED.

**FURTHER,** the debt is not excepted from discharge under § 523(a)(4) for embezzlement.

**FURTHER,** the debt owed to BankOrion is excepted from discharge under § 523(a)(6) for willful and malicious injury.

**FURTHER,** judgment shall enter accordingly.

DATED AND ENTERED: August 21, 2008.

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE